I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: Mr. Munder    DATE: 6/5/25    DEPUTY CLERK: JD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:25-cv-00702-KES                                      Date: June 5, 2025

Title: AMERIS BANK v. HWY SMOKE & LIQUOR, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   **Order to Show Cause as to Why Plaintiffs Will be Prejudiced if Default Judgment is Not Granted (Dkt. 18)**

## I. PROCEDURAL HISTORY

On April 7, 2025, Plaintiff Ameris Bank, a Georgia state-chartered banking corporation with Balboa operating as one of its divisions ("Plaintiff"), filed a Complaint against Hwy Smoke & Liquor Inc. ("Hwy Smoke"), Lockport Inc. ("Lockport"), and Bimaljit Munder ("Munder") (collectively, "Defendants"). (Dkt. 1.) Plaintiff alleges that Defendants breached an Equipment Finance Agreement ("EFA"), a Personal Guaranty, and a Corporate Guaranty. (Id.)

In the Complaint, Plaintiff alleged that on or about August 13, 2024, a third party named POS Credit Corporation ("POS Credit") and Hwy Smoke entered into the EFA, "under the terms of which POS Credit loaned to Hwy Smoke the sum of … $147,895.95 … in order to finance the Collateral for its business." (Id., ¶ 15; see also Dkt. 1-1 at 4 (copy of invoice from POS Credit listing the sub-total as $147,895.95).) The terms of the EFA required Hwy Smoke to make sixty "monthly payments of $3,124.53, payable on the 12th day of each month beginning September 12, 2024." (Id.; Dkt. 1-1 (EFA) at 2.) In the event of default, POS Credit reserved the right terminate the EFA, declare the entire balance of the payments immediately due and payable with all future payments discounted at 3%, take possession of the collateral, or pursue other acceptable remedies. (Dkt. 1-1 (EFA) at 5.) "POS Credit subsequently assigned all rights and interest in the EFA to [Plaintiff]." (Dkt. 1, ¶ 16; see also Dkt. 1-2 (copy of Assignment of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00702-KES     Date: June 5, 2025
Page 2

EFA).)

Plaintiff alleged that it received timely payments from Hwy Smoke through December 12, 2024. (Id., ¶ 17.) This was supposedly "[t]he last payment received by [Plaintiff]." (Id.) On January 12, 2025, Plaintiff alleges that Hwy Smoke breached the EFA by failing to make a timely payment. (Id.) Plaintiff subsequently "declared the entire balance of the payments under the EFA to be immediately due and payable …." (Id., ¶ 19.) Following the default, Plaintiff demanded that Munder and Lockport make the payments as required by the EFA. (Id., ¶¶ 26, 32.) According to the Complaint, Munder and Lockport failed to make these payments and failed meet the obligations stated in the Personal Guaranty and the Corporate Guaranty, respectively, and are in breach of their obligations as guarantors. (Id.) On April 4, 2025, Plaintiff filed the present action for breach of the EFA and Guaranty. (Dkt. 1.)

Per the Proof of Service ("POS") declarations on file, the Summons and Complaint were served on each Defendant on April 23, 2025, when a process server left the documents with Munder at his Michigan address. (Dkt. 7, 8, 9.) On May 5, each POS was amended to include MC-025 forms to show that Plaintiff served the declination of consent form (Dkt. 5) on each Defendant. (Dkt. 12, 13, 14.)

On May 15, Plaintiff filed a Request for Entry of Default against all Defendants. (Dkt. 16.) The Clerk granted this request, entering defaults against Hwy Smoke, Munder, and Lockport. (Dkt. 17.) On June 2, 2025, Plaintiff filed the instant Motion for Default Judgment against all three Defendants. (Dkt. 18.) Plaintiff requests the discounted present value of the entire amount owed on the loan including late charges, prejudgment interest, attorneys' fees, and recoverable costs, which, as of July 1, 2025, Plaintiff says totaled to $159,582.56. (Id. at 9, 19.)

Despite Plaintiff's allegation that "[t]he last payment received by Balboa was credited toward the monthly payment due for December 12, 2024," (Dkt. 1, ¶ 17), Don Ngo, Plaintiff's legal collector, declares that additional payments were made, as follows:

> Following Defendants' default, Defendants made five (5) additional full monthly payments for January 12, 2025, February 12, 2025, March 12, 2025, April 12, 2025, and May 12, 2025. Thus, Balboa has credited Defendants account $15,622.65.

(Dkt. 18-1 (Ngo Decl.), ¶ 10.) Rather than recognizing that Defendants have now made the required payments for all months through the present, Mr. Ngo concludes, "Therefore, $145,571.65 remains due to Balboa." (Id.)

## II.     LEGAL STANDARD

The Court considers the seven Eitel factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00702-KES                                                Date: June 5, 2025
                                                                          Page 3

plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III.   ANALYSIS

"Under the first Eitel factor the Court must examine whether Plaintiff will be prejudiced if the Court denies default judgment." Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1054 (N.D. Cal. 2010) (citing id. at 1471.) Plaintiff admits that following Defendants' alleged breach in January 2025, Defendants have continued to make regular payments on a monthly basis. (Dkt. 18-1 (Ngo Decl.), ¶ 10.) Per Plaintiff's own evidence, Defendants have not missed a monthly payment. It is therefore unclear how Plaintiffs will be prejudiced by denial of the motion, particularly when it appears that Defendants are continuing to make regular payments in accordance with the terms of the EFA. Plaintiff's motion fails to explain why Plaintiff needs to accelerate the due date of the entire loan to avoid prejudice.

Accordingly, the Court ORDERS Plaintiff to show cause in writing, by June 14, 2025, why the Court should find that Defendants will be prejudiced if the Motion for Default Judgment is denied. Plaintiff can also respond by voluntarily dismissing this lawsuit. The Court orders the Clerk to serve this order by mail on Mr. Munder at 232 Minges Hills Drive, Battle Creek, Michigan, 49015. (Dkt. 7 (providing Mr. Munder's mailing address).)

                                                                Initials of Deputy Clerk jd